UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM FLETCHER,<br><br>               Plaintiff,<br><br>   v.<br><br>FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA; IDAHO COURT OF APPEALS; CHIEF JUDGE MOLLY HUSKEY; JUDGE AMANDA BRAILSFORD; JUDGE DAVID GRATTON; STATE OF IDAHO; JUDGE JASON SCOTT; and JOHN OR JANE DOE,<br><br>               Defendants. | Case No. 1:21-cv-00107-BLW<br><br>**INITIAL REVIEW ORDER** |

The Clerk of Court conditionally filed Plaintiff William Fletcher's Complaint as a result of Plaintiff's in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.  **Screening Requirement**

The Court must review complaints filed in forma pauperis to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion

thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Factual Allegations**

Plaintiff is on parole from a 2013 criminal conviction on one count of felony injury to a child. *See Fletcher v. Blades*, Case No. 1:15-cv-00166-REB (D. Idaho).[1] Plaintiff's federal habeas corpus petition challenging that conviction was dismissed in

---

[1] The Court takes judicial notice of its records in Plaintiff's habeas corpus action. *See* Fed. R. Evid. 201; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

part and denied in part in January of 2019. *Id*. at Dkt. 127. This Court and the Ninth Circuit Court of Appeals both declined to issue a certificate of appealability, and the denial of federal habeas relief is therefore final. *Id*. at Dkt. 126, 134.

In this civil rights action, Plaintiff again challenges his 2013 conviction. He alleges that the prosecution violated Idaho Code § 19-1420, which provides as follows:

> An indictment or information may be amended by the prosecuting attorney without leave of the court, at any time before the defendant pleads, and at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An information or indictment cannot be amended so as to charge an offense other than that for which the defendant has been held to answer.

Plaintiff pleaded guilty on October 13, 2013. The prosecution amended the indictment—to the lesser charge to which Plaintiff pleaded—the same day. *Compl*., Dkt. 1, at 2–3. Plaintiff claims that § 19-1420 prohibited the prosecution from doing so.

Plaintiff seeks damages and injunctive relief, contending that Defendants conspired to violate § 19-1420 and that his conviction is therefore illegal. *Id*. at 4. Plaintiff sues the state and the state court of appeals, the state trial court in which he was convicted, and the state court trial and appellate judges who presided over his criminal case and appeal

4. **Discussion**

In contending that Defendants violated Idaho Code § 19-1420, Plaintiff relies on the first clause of the first sentence of the statute, which prohibits amendment of an indictment without leave of court after the defendant enters a plea. However, Plaintiff

ignores the second clause of that sentence, which permits such amendment *with* leave of court. Plaintiff does not disclose whether the prosecution obtained leave of the court to amend the indictment, in which case the amendment plainly would *not* have violated § 19-1420. *See State v. LaMere*, 655 P.2d 46, 48 (Idaho 1982) (stating that § 19-1420 makes "amending an information discretionary with the judge").

Therefore, Plaintiff has not alleged sufficient facts to proceed with the Complaint. However, the Court will grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A. *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or

INITIAL REVIEW ORDER - 4

her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

To bring a § 1983 claim against a municipality—which is a local governmental entity such as the Fourth Judicial District Court in and for the County of Ada—a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against a municipality are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Further, a municipality "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (internal quotation marks omitted), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and the plaintiff's injury. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

    i.    <u>The Complaint Fails to State a Claim upon which Relief May Be Granted</u>

The Complaint does not state a plausible claim under § 1983 or any other federal statute. As stated above, the Complaint does not disclose whether the trial court exercised its discretion to allow the amendment of the indictment. If the trial court permitted the amendment, then there was no violation of the law relied upon by Plaintiff.

Aside from this deficiency, Plaintiff's claims as currently pleaded are problematic for several additional reasons, as set forth below.

    ii.    <u>Plaintiff's Claims Challenge the Validity of His Underlying Conviction and, Therefore, Cannot Be Pursued in a § 1983 Action Absent a Favorable Termination of Criminal Proceedings</u>

Plaintiff's claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the United States Supreme Court held that a civil rights claim under § 1983 "is not cognizable," meaning that it cannot be heard, if the plaintiff's success on that

INITIAL REVIEW ORDER - 6

§ 1983 would "render a conviction or sentence invalid." *Id*. at 486–87. Thus, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of the plaintiff's conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court later clarified,

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff has already challenged his 2013 conviction in federal court. He did not succeed. As far as this Court is aware, that conviction has not otherwise been invalidated or called into question. Success on Plaintiff's claim that his conviction is illegal under § 19-1420 would necessarily imply the invalidity of that conviction.

In sum, the Complaint does not allege that Plaintiff has obtained a favorable termination of his state criminal case. In any amended complaint, Plaintiff must explain why he believes the claims in the instant action are not barred by *Heck v. Humphrey*.

      iii.      <u>Plaintiff's Claims Are Not Based on a Violation of Federal Law</u>

Even if Plaintiff's § 1983 claims are not barred by *Heck*, they are still implausible. The Complaint is based entirely on an alleged violation of Idaho Code § 19-1420. But

state law violations do not give rise to liability under § 1983, which provides a remedy only for violations of *federal* law. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Thus, Plaintiff's claims are implausible.

> iv. Plaintiff's Claims Against the Fourth Judicial District Court Are Implausible for the Additional Reason that the Complaint Does Not Meet the *Monell* Standard

As explained above, to proceed on his claims against the Fourth Judicial District Court in and for the County of Ada, Plaintiff must plausibly allege that the county has a policy or custom amounting to deliberate indifference. *See Monell*, 436 U.S. at 694; *Mabe*, 237 F.3d at 1110–11. Plaintiff has not done so. Instead, as to the state district court, the Complaint alleges only that the prosecution amended the indictment at an improper time in Plaintiff's particular case. This is woefully insufficient to establish a policy or custom, on the part of Ada County, that violates § 1983.

> v. Plaintiff's Claims Against the State of Idaho and the Idaho Court of Appeals Are Barred by the Eleventh Amendment

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state or a state entity absent a waiver of state sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not constitute such a waiver. *Quern v. Jordan*, 440 U.S. 332, 342–44 (1979). Nor has Idaho itself waived its sovereign immunity for constitutional claims. *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL 1410105, at *6 (D. Idaho Apr. 23, 2012). Finally, only a "person" may be sued

pursuant to 42 U.S.C. § 1983, and neither a state nor a state entity is considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

   vi. <u>Plaintiff's Claims Against the Remaining Defendants Are Barred by the Doctrine of Judicial Immunity</u>

The remaining identified Defendants are state court judges. Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of the judicial function. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Judicial officers are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). To determine whether an act is judicial in nature so that absolute immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.

If a judge was acting in a judicial capacity, absolute immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (internal citations omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Indeed, judicial immunity is not

lost even if the judge conspired with a prosecutor "to predetermine the outcome of a judicial proceeding." *Ashelman*, 793 F.2d at 1078.

There are two circumstances in which absolute judicial immunity does not apply. First, a judge is not immune from liability for performing an act that is not "judicial" in nature. *Stump*, 435 U.S. at 360. For example, a judge who leaves the bench and uses physical force to evict a person from the courtroom is engaged in a nonjudicial act and, thus, is not immune from liability. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). But, a judge who orders officers to forcibly seize a person *is* immune, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). The scope of a judge's jurisdiction "must be construed broadly…. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his [or her] authority." *Id*. The question of whether a judge acted in the clear absence of jurisdiction is distinct from question of whether a judge acted in excess of authority. Even if a judge exceeds his or her authority in issuing a ruling, that judge is immune so long as the case is properly before the court. *Mireles*, 502 U.S. at 13.

In reviewing an allegation that a judge acted in the clear absence of all jurisdiction, the Court considers whether the judge was acting beyond the scope of the subject matter jurisdiction of the court in which she presided. *See Stump*, 435 U.S. at

356–57; *Ashelman*, 793 F.2d at 1076. The difference between acting in the absence of jurisdiction (no immunity) and acting in excess of authority (immunity) is made clear in the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357 n.7.

Here, Plaintiff sues the state trial judge who presided over Plaintiff's Rule 35 proceedings, as well as the state appellate judges who heard his appeal. In Idaho, the state district courts have original jurisdiction over all cases and proceedings in law and in equity. Idaho Code § 1-705; Idaho Const. art. V, § 20. Accordingly, Judge Scott had jurisdiction over Plaintiff's criminal case. Additionally, because the Idaho Court of Appeals has jurisdiction over all cases assigned to it by the Idaho Supreme Court, Judges Huskey, Brailsford, and Gratton had subject matter jurisdiction over Plaintiff's appeal. *See* Idaho Code § 1-2406; Idaho App. R. 108; Idaho Const. art. V, § 2.

Plaintiff complains only of actions that the Defendant judges took (or failed to take) in the exercise of their judicial functions and within their lawful authority as Idaho state judges. Therefore, these Defendants are entitled to absolute immunity.

### B. State Law Claims

In addition to § 1983 claims, Plaintiff asserts state law claims. *Compl.* at 1. However, Plaintiff's claims under Idaho Code § 19-1420—part of Idaho's criminal

INITIAL REVIEW ORDER - 11

procedure code—are implausible because (1) as stated previously, the Complaint does not disclose whether the trial judge permitted the amendment to the indictment, and (2) there is no private right of action under § 19-1420.

The Idaho Supreme Court has explained the analysis a court must undertake to determine whether a private cause of action exists under a statute:

> When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action.

*Yoakum v. Hartford Fire Ins. Co.*, 923 P.2d 416, 421 (Idaho 1996) (emphasis omitted) (relying on Restatement (Second) of Torts § 874A). The court in *Yoakum* held that there was no private right of action under certain Idaho criminal statutes. The court relied on the following factors: (1) the statutes were intended to protect the general public; (2) the statutes provided for a criminal punishment; (3) there was no indication that the legislature intended to create a private cause of action, and (4) there was no indication that providing an additional civil remedy was necessary to assure the effectiveness of the statutes. *Id.*

Similar reasoning exists here with respect to Idaho Code § 19-1420. As in *Yoakum*, there is no indication that the Idaho Legislature intended to create a private right of action under § 19-1420, or that an additional civil remedy is necessary to ensure the

statute's effectiveness. Because Idaho has not created a private right of action under § 19-1420, Plaintiff's claims under that statute are implausible.

Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the amended complaint states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

5.   **Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of

INITIAL REVIEW ORDER - 13

Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 4) is GRANTED. Plaintiff may pay the $402.00 filing fee in monthly installments of $10.00 per month, beginning in July 2021.

2. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. If Plaintiff does not amend within 28 days, this case may be dismissed

without further notice.

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's Motion for Temporary Injunctive Relief and Motion for Emergency Injunctive Relief and Addendum Denying Defendants Qualified Immunity (Dkts. 5 and 6) are DENIED AS MOOT.

DATED: June 3, 2021

B. Lynn Winmill
U.S. District Court Judge