UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

WILLIAM FLETCHER,

Plaintiff,

v.

FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA; IDAHO COURT OF APPEALS; CHIEF JUDGE MOLLY HUSKEY; JUDGE AMANDA BRAILSFORD; JUDGE DAVID GRATTON; STATE OF IDAHO; JUDGE JASON SCOTT; and JOHN OR JANE DOE,

Defendants.

Case No. 1:21-cv-00107-BLW

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE**

Plaintiff is an Idaho state parolee who is proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915, determined that it failed to state a claim upon which relief could be granted and was subject to additional problems, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 7.

Plaintiff has now filed an Objection to the Court's Initial Review and an Amended Complaint. Dkt. 8 & 9. The Court retains its screening authority pursuant to 28 U.S.C. § 1915(e)(2).

Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**1. Screening and Pleading Requirements**

The Court must dismiss an in forma pauperis complaint that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(d)(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

**2. Discussion**

Plaintiff challenges his state court conviction under 42 U.S.C. § 1983, the civil rights statute. However, as explained in the Initial Review Order, a civil rights claim that,

if successful, "would necessarily imply the invalidity" of a criminal conviction cannot be heard in federal court unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

This Court has already rejected Petitioner's habeas challenge to his conviction, and the Ninth Circuit declined to issue a certificate of appealability. *See Fletcher v. Blades*, Case No. 1:15-cv-00166-REB (D. Idaho). Because the Amended Complaint does not plausibly allege that Plaintiff received a favorable termination to his state court criminal proceedings, this case must be dismissed under *Heck*.

**ORDER**

**IT IS ORDERED** that this entire action is DISMISSED without prejudice pursuant to *Heck v. Humphrey*.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: August 3, 2021

B. Lynn Winmill
U.S. District Court Judge